IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**SCOTT S. LOEW**,

        Plaintiff,

v.

**CAROLYN W. COLVIN**,
Acting Commissioner of Social Security,

        Defendant.

Case No. 6:13-cv-0446-SI

**OPINION AND ORDER**

Kathryn Tassinari, Mark A. Manning, HARDER, WELLS, BARON & MANNING, P.C., 474 Willamette Street, Suite 200, Eugene, OR 97401. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, U.S. Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Heather L. Griffith, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

        Scott S. Loew ("Plaintiff" or "Loew") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying his application

PAGE 1 – OPINION AND ORDER

for disability insurance benefits ("DIB"). After Plaintiff filed his opening brief (ECF 15), the Commissioner moved for an order remanding for further administrative proceedings. ECF 20. Plaintiff replied, arguing that the case should be remanded for a finding of disability and the payment of benefits. ECF 23. For the reasons stated below, the Court remands for a finding of disability and the payment of benefits.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff protectively filed an application for DIB on April 9, 2010, alleging disability beginning on September 8, 2009. AR 137. Plaintiff was born on November 26, 1964; he was 44 on the alleged disability onset date and is presently 49 years old. *Id.*

Plaintiff's date last insured is June 30, 2010; thus he must establish disability on or before that date. AR 13. Plaintiff alleges disability due to problems with his L4-5 disc. AR 154. The Commissioner denied Plaintiff's application initially and upon reconsideration; thereafter, he requested a hearing before an Administrative Law Judge ("ALJ"). AR 90, 101, 105. After a video administrative hearing held on November 29, 2011, the ALJ ruled that Plaintiff is not disabled. AR 11-18. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff now seeks judicial review of that decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act" ("Act"). *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C.  The ALJ's Decision**

The ALJ found that Plaintiff meets the insured status for DIB benefits through June 30, 2010. AR 13. The ALJ then performed the sequential analysis. AR 13-17. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset date of September 8, 2009. AR 13. At step two, the ALJ concluded that Plaintiff's lumbar spine degenerative disc disease at L4-5 with mild disc desiccation and left facet arthrosis and obesity were severe impairments. *Id.* At step three, the ALJ ruled that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the regulations. AR 13-14.

The ALJ next assessed Plaintiff's RFC. The ALJ found that Plaintiff retained the capacity to perform medium work, except he can lift or carry 30 pounds occasionally and 20 pounds frequently; can sit, stand, and walk each six hours out of an eight hour day for a combined total

PAGE 5 – OPINION AND ORDER

of eight hours; can intermittently bend at the waist; be required to sit and stand at will while still performing essential tasks; can occasionally twist but never while bending; can never crawl, climb ladders, ropes, or scaffolds; can occasionally squat; has no limit on climbing ramps and stairs; can frequently reach overhead; can occasionally walk on uneven surfaces; and is limited to performing tasks that required only simple reasoning and could be learned in 30 days or less. AR 14. In determining the RFC, the ALJ found Plaintiff's testimony regarding his limitations at the time of the date last insured to be "not credible." AR 16.

At step four, the ALJ determined that considering Plaintiff's RFC, he could not perform his past relevant work. *Id.* At step five, based on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff could perform jobs that existed in significant numbers in the national economy. AR 16-17. Thus, the ALJ ruled that Plaintiff is not disabled. AR 17.

## DISCUSSION

Plaintiff argues that the ALJ erred by: (1) improperly rejecting his subjective symptom testimony; (2) improperly rejecting the opinion of an examining neurosurgeon, Dr. Chen Tsai; and (3) improperly rejecting the opinion of a treating physician, Dr. Robert Gerber. The Commissioner disputes that the ALJ erred in her assessment of Dr. Gerber's opinion, but the Commissioner concedes the first two allegations of error and admits that a remand is warranted. ECF 20 at 6-7. As such, the only issue remaining is whether to remand the case for further proceedings or the payment of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence

PAGE 6 – OPINION AND ORDER

is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1137-38 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir 2004)). The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but it leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991) (*en banc*)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

**1. The opinion of Dr. Tsai**

Plaintiff injured his back on September 8, 2009, while performing heavy lifting at work. AR 401. At the time of the hearing, he had an open worker's compensation claim. AR 33-34. Dr. Tsai performed an independent medical examination of Plaintiff on April 22, 2010, before Plaintiff's last insured date, reviewed Plaintiff's medical records, and prepared a report for SAIF Corporation in relation to Plaintiff's worker's compensation claim. AR 284-90. Dr. Tsai opined that "based on objective findings, [Plaintiff's] condition has been steadily worsening secondary to the L4-5 disc protrusion." AR 289. Dr. Tsai concluded that Plaintiff "is not able to perform any regular or modified work at this time due to the L4-5 disc protrusion and radiculopathy. He can hardly walk across the room the distance of 10 feet." AR 290.

PAGE 7 – OPINION AND ORDER

The Commissioner argues that there are outstanding issues that need to be resolved with respect to Dr. Tsai's opinion because the opinion of Dr. Gerber conflicts with the opinion of Dr. Tsai and the ALJ should reevaluate the medical evidence in light of the whole record. The Commissioner also argues that even if Dr. Tsai's opinion establishes disability, outstanding issues remain because Dr. Tsai "found that Plaintiff would more likely than not 'have improved range of motion, motor strength, and sensation, as well as a reduction of symptoms.'" Def's Br., ECF 20 at 9 (quoting AR 289). These arguments are unavailing.

Dr. Gerber's opinion does not conflict with Dr. Tsai's opinion. In December 2009, Dr. Gerber noted on an "injured worker status form" that Plaintiff could perform modified, light duty, but Dr. Gerber also noted that Plaintiff was not released to work. AR 334. Dr. Gerber indicated that Plaintiff could only sit, stand, and walk "as tolerated" and change positions at will. *Id.* This form did not contain any explanation by Dr. Gerber for his findings. In March 2010, Dr. Gerber indicated that Plaintiff was restricted, in a work day, to standing for two hours, sitting for four hours, and walking for 30 minutes. AR 379-80. This form contained an explanation and basis for Dr. Gerber's findings. In October 2011, Dr. Gerber indicated that Plaintiff would need to lie down during the day for an average of five to six times per shift for 20 to 30 minutes at a time. AR 400. This form also did not contain any explanation for Dr. Gerber's findings.

These opinions do not contradict Dr. Tsai's opinion and even if they did, they do not constitute a specific, legitimate reason to discount Dr. Tsai's opinion.[1] Dr. Tsai is a neurosurgeon opining in his area of expertise, and more weight is to be given to the opinion of specialists concerning matters relating to their specialty over that of nonspecialists. *See Holohan v.*

---

[1] If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

*Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). Further, Dr. Tsai offered a detailed explanation of his findings, whereas the findings of Dr. Gerber that the Commissioner argues contradict Dr. Tsai are contained on a standard form without an explanation. Under the regulations, more weight is to be given to opinions that are explained than to those that are not. 20 C.F.R. § 404.1527(c)(3).

There are also no outstanding issues to resolve over Dr. Tsai's comment that Plaintiff's condition should, "more likely than not," improve. The ALJ found, and the Court finds that there is substantial evidence in the record supporting this finding, that Plaintiff's condition has "materially worsened since the expiration of his date last insured in June 2010." AR 15. Thus, there is no outstanding issue to resolve as to whether Plaintiff's condition has improved after Dr. Tsai's examination.

In effect, the Commissioner asks the Court to remand so the ALJ can have a second chance to evaluate the erroneously discounted evidence. *See, e.g.*, *Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.") (citation and quotation marks omitted). The Court declines to do so.

**2. Plaintiff's testimony regarding his limitations**

The Commissioner, after conceding that the ALJ erred in discounting Plaintiff's testimony regarding his symptoms, does not discuss Plaintiff's credibility further and does not argue that any outstanding issues remain if Plaintiff's testimony is credited as true. The Court finds that there are no outstanding issues to resolve with respect to Plaintiff's testimony.

Plaintiff testified that at the time of his last insured date he would have to lie down once or twice during the day 10 to 15 days out of 30, was sleeping only approximately five hours per night because of pain and the need to change positions, could sit for about 15 to 20 minutes

PAGE 9 – OPINION AND ORDER

before having to change positions, could walk approximately 20 to 30 minutes, and could lift no more than 20 pounds. AR 35-36, 44-46. The ALJ found that Plaintiff's medical impairments could cause these symptoms, but, as conceded by the Commissioner, erroneously found Plaintiff's testimony was not credible with regard to his limitations. The VE established that Plaintiff's testimony, if taken as true, demonstrates that he is unable to perform any kind of substantial gainful work that exists in the national economy. AR 53 (testifying that if a person needed to lay down one to two times per day, for 10 days out of 30, that person "wouldn't be able to hold a job").

A court should remand for the payment of benefits where it is clear that if the erroneously discounted evidence is credited as true, the claimant would be entitled to benefits. *See Benecke*, 379 F.3d at 593. The Court concludes that the erroneously omitted testimony establishes Plaintiff's disability; thus, the correct resolution is to remand this case for the payment of benefits. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 n.12 (9th Cir. 2007) ("Further proceedings are unnecessary because the ALJ did not provide a legally sufficient basis for rejecting [the claimant's] testimony, which *alone* establishes that he is entitled to benefits.") (emphasis in original); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) (remand for benefits is appropriate where the eligibility for benefits turns on the plaintiff's subjective pain testimony, VE testimony established that if the plaintiff's testimony were credited as true the plaintiff was not employable, and the plaintiff's testimony was erroneously discredited).[2]

---

[2] Because the Court finds that the errors conceded by the Commissioner are dispositive of the issue of whether to remand for benefits or for further proceedings, the Court does not reach the disputed issue of whether the ALJ erred in her evaluation of Dr. Gerber's opinion.

PAGE 10 – OPINION AND ORDER

## CONCLUSION

The Commissioner's decision that Plaintiff is not disabled is not based on substantial evidence; the Commissioner's motion for remand (ECF 20) is GRANTED IN PART, the Commissioner's decision finding no disability is REVERSED, and the case is remanded for a finding of disability and the payment of benefits.

**IT IS SO ORDERED**.

DATED this 9th day of May 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge